PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICIO ANTONIO PATINO MANCIA,

          Plaintiff,

     -v-

COMMISSIONER ANTHONY ANNUCCI,
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,

          Defendants.

_____

**ORDER**

21-CV-06675 EAW

    *Pro se* plaintiff Mauricio Antonio Patino Mancia ("Plaintiff") was an immigration detainee previously detained at the Buffalo Federal Detention Facility,[1] presumably awaiting removal based on a conviction for unlawful re-entry following removal, in violation of 18 U.S.C. § 1326, entered in the United States District Court for the Western District of Texas on or about June 10, 2015.  *See United States v. Patino-Mancia*, 4:13-cr-00396-RAJ-1, (Dkt. 102) (W.D. Tex. June 10, 2015), *conviction aff'd,* 637 F. App'x 168, 169 (5th Cir. 2016); *see also Patino Mancia v. United States,* 21-cv-06444 EAW, (Dkt. 3) (W.D.N.Y. July 27, 2021) ("*Patino Mancia I*").[2]  He has filed the instant action against Commissioner of the New York State Department of Corrections and Community

---

[1]    On March 23, 2022, the docket reflects that Plaintiff's address was updated to the Open Door Mission, suggesting that he had been released from custody.

[2]    Plaintiff previously filed in this Court a "Motion to Challenge the Law Reentry (reentry) Judgment, Conviction and Detention," which the Court construed a motion to vacate, set aside or correct Plaintiff's sentence entered in the Western District of Texas under 28 U.S.C. § 2255.  *Patino Mancia I*, (Dkt. 1).  After providing Plaintiff notice of the Court's intention to recharacterize that filing as a motion under § 2255 and the opportunity to withdraw it, the Court recharacterized the filing to a motion under § 2255 and transferred it to the Western District of Texas, where the sentence was entered.  *Patino Mancia I*, (Dkt. 3); *Patino Mancia I*, (Dkt. 5).

Supervision ("DOCCS") Anthony Annucci ("Annucci") and DOCCS, but he fails to set forth, in any discernable way, the jurisdictional basis of this action or the nature of his claims. (*See generally* Dkt. 1; Dkt. 5).  Plaintiff seeks permission to proceed *in forma pauperis* (Dkt. 4; Dkt. 6; Dkt. 9),[3] has filed a motion for miscellaneous relief (Dkt. 10), which is a rehashing of the allegations or claims set forth in the amended complaint and is denied, and has filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55 (Dkt. 11), which is also denied.

The amended complaint consists of 31 type-written and handwritten pages and is largely incomprehensible.  It is comprised of several separately named documents, including "PETITION OF ACCEPTANCE" "CORAM VOBIS BILL OF COLLECTION OR LAWSUIT[,]" "BILL OF COLLECTION[,]" "CORAM VOBIS AFFIDAVIT OF TRUTH[,]" "MOTION OF LAWSUIT AMENDED[,]" and "KNOWLEDGEMENT [sic] OF THE LAWSUIT BY THE JUDGE MCLOUGHLIN[.]"  (Dkt. 5 at 3, 6, 7-8, 9-13, 16, 29).  The amended complaint reflects beliefs consistent with the sovereign citizen movement[4] and appears to be an attempt to file a lien or collect a debt against various government

---

[3]      Plaintiff first filed this case without paying the filing fee or filing a motion to proceed *in forma pauperis*.  (*See* Dkt. 1)  The Court administratively terminated this case with the right to reopen upon Plaintiff's paying the filing fee or filing a motion to proceed *in forma pauperis*.  (Dkt. 2).  Plaintiff subsequently submitted three motions to proceed *in forma pauperis* (Dkt. 4; Dkt. 6; Dkt. 9) with supporting documentation (Dkt. 7; Dkt. 8).

[4]      The sovereign citizen movement is "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 (2d Cir. 2013) (summary order); *see also*, Charles E. Loeser, *From Paper Terrorists to Cop Killers: The Sovereign Citizen Threat*, 93 N. C. L. Rev. 1106, 1108 (2015). "The 'sovereign citizen' belief system has been described by other courts as 'completely without merit,' 'patently frivolous,' *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), and having 'no conceivable validity in American law,' *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)." *Wellington v. Foland*, No. 3:19-CV-0615 (GTS/ML), 2019 WL 3315181, at *10 (N.D.N.Y. July 24, 2019).
         It is unclear from Plaintiff's filings whether he subscribes to the sovereign citizen movement or whether he relies on form pleadings and language he has come across during his incarcerations and detentions.  In either case, Plaintiff's pleadings fail to allege any legitimate basis for any claim.

officials, including Annucci and state and federal judges involved in Plaintiff's state and federal incarceration and detention and his eventual parole release from DOCCS to the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for removal based on his federal conviction.  (Dkt. 5).  Upon review of the amended complaint, the Court determines that the amended complaint fails to state a claim on which relief can be granted and is wholly frivolous.

At one point, the "CORAM VOBIS AFFIDAVIT OF TRUTH" document refers to both Plaintiff's state and federal convictions and asserts that his convictions or trials were not fair, but it is framed in language suggesting sovereign citizen beliefs or seeking to impose abusive and meritless liens on judges under the Uniform Commercial Code ("UCC") reminiscent of a vexatious and abusive practice of prisoners across the country filing fraudulent and abusive liens under the UCC against government officials involved in the prisoner's conviction and incarceration in an effort to harass these officials and to seek to undermine the process afforded to them.[5]  (*See, e.g.*, Dkt. 5 at 11 ("Proof of Claim, that the Jury in the Federal Trial were Federal subjects as the law command [sic] and no free people from Texas. . . .")).

---

[5]        "Courts, including some in this Circuit, have recognized the serious problem of prison inmates filing fraudulent and abusive UCC liens against government officials."  *Neree v. O'Hara*, No. 9:09-CV-802 (MAD/ATB), 2011 WL 3841551, at *8 (N.D.N.Y. July 20, 2011) (citing *Monroe v. Beard,* 536 F.3d 198, 202 n.2 (3d Cir. 2008) (citing, *inter alia, United States v. Speight,* 75 F. App'x 802 (2d Cir.2003) (affirming judgment of conviction against defendant-inmates claiming that government officials owed them multi-million dollar debts and filing fraudulent liens to obtain those debts); and *Bartz v. Van de Graaf,* 1:07-CV-219, 2008 WL 2704882, at *2 (D. Vt. July 8, 2008) ("[t]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented.") (alteration in original) (citations omitted)).

For the reasons that follow, Plaintiff is granted permission to proceed *in forma pauperis,* but this action is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a),[6] he is granted permission to proceed *in forma pauperis.* Therefore, under 28 U.S.C. § 1915(e)(2)(B), the Court must screen the amended complaint.

## I.   Legal Standard

Section 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation and quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[6]     As an immigration detainee, Plaintiff is not a "prisoner" under 28 U.S.C. § 1915(h). Therefore, 28 U.S.C. §§ 1915(a)(2) and (b)(1)-(4), and 1915A do not apply herein. *See Tavares v. Attorney General USA*, 211 F. App'x. 127, n.2 (3d Cir. 2007) (unpublished opinion); *see also Ramos v. Winiewicz*, No. 12–CV–0157M, 2012 WL 1044530, at 1, n.1 (W.D.N.Y. March 23, 2012) ("Because it appears that plaintiff currently is an immigration detainee, the Prisoner Litigation Reform Act, specifically 28 U.S.C. § 1915(b) and 1915A, does not apply to him.") (citing *Tavares*, 211 F. App'x at 1 n.2).

In evaluating a complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

## II.    The Amended Complaint

As noted above, the amended complaint appears to seek abusive and meritless UCC liens against Annucci and the state and federal judges involved in his prior convictions. For example, Plaintiff alleges "that the State of New York Justice System had the right to make a profit over defendant's name without secured party approved[;]" and "that there is not an agreement between secured party and debtor (defendant)." (Dkt. 5 at 10). He also alleges that "[a] creditor may not act or commence, or continue any civil action to collect all or any part . . . unless he has negotiated in good faith with creditors with (DOCCS and BOP) and has failed to obtained [sic] agreement." (*Id.* at 17)

(alterations in original).  Even liberally construed, these allegations are inscrutable and fail to state a claim upon which relief can be granted.

Further, the jurisdictional and factual bases of Plaintiff's claims are not discernable from Plaintiff's submissions.  While he refers to his prior state and federal convictions and asserts that his convictions were unfair or unlawful, he does not provide any legally cognizable basis or factual foundation for any claims.  (*See id.* at 10-12).  Indeed, these allegations, construed liberally, appear to be part of Plaintiff's attempt to file meritless liens against the judges and corrections officials involved in his convictions, incarcerations, and state parole proceedings, which have led to his placement by ICE in removal proceedings.  This again leads the Court to conclude that Plaintiff's submissions are frivolous.

### A.    Frivolous Claims

Even if Plaintiff is not asserting erroneous legal theories employed by adherents to the sovereign citizen movement or trying to file abusive liens against prison officials and the judges involved in his criminal prosecutions and incarceration, the amended complaint is nonetheless frivolous and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).  Although Plaintiff may attempt to assert rights guaranteed him by state and federal law that have been violated, it is impossible to determine from the papers the nature of those violations or the involvement of any named defendant in any alleged violation.

A court may dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (quotation marks omitted) (citing what is now 28 U.S.C. § 1915(e)).

Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.  To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist. . . .  Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28 (citations omitted).

[T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. . . .  [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327.

Further, the Federal Rules of Civil Procedure provide:

A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for relief sought[.]

Fed. R. Civ. P. 8(a).  The amended complaint does not comply with this rule.  The United

States Court of Appeals for the Second Circuit has held:

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment be "concise and direct."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."

When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous.

*Simmons v. Abruzzo*, 49 F.3d 83, 86-7 (2d Cir. 1995) (citations omitted).

The Court finds that Plaintiff's submissions—even if not premised on sovereign citizen beliefs or seeking to obtain abusive liens against government official and judges under the UCC—are frivolous. The amended complaint is 31 pages in length, it was submitted with 52 pages of exhibits, and it is incoherent. It contains brief references to Plaintiff's incarceration, prior convictions, and his parole from DOCCS custody to ICE custody presumably for purposes of removal proceedings based on his federal conviction in the Western District of Texas for illegal re-entry following removal. (Dkt. 5 at 10-12, 21). Plaintiff's claims are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional[,]" *Denton*, 504 U.S. at 32-33 (internal quotation marks and citation omitted), and they are therefore dismissed with prejudice.

## B.    42 U.S.C. § 1983 and *Bivens*

Even if the Court construed the amended complaint as raising claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971), based on Plaintiff's state or federal convictions, incarceration, state parole proceedings, or ICE removal proceedings, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they could suggest") (internal quotation marks omitted), they would be dismissed on a number of grounds.

8

First, if Plaintiff is challenging his state conviction, sentence, or parole release conditionally for purposes of removal (deportation) only ("CPDO"),[7] this claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994) because Plaintiff has not alleged that his conviction has been invalidated in some manner.   In *Heck*, the United States Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence  has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 484.  Thus, because Plaintiff's conviction and sentence have not been invalidated, any claims herein attacking his state court conviction or sentence are dismissed.

Second, Plaintiff sues DOCCS, which as an agency of New York State, is entitled to immunity under the Eleventh Amendment to the United States Constitution and cannot be sued for damages herein.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  "An official arm of the state," such as DOCCS, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."  *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999); *see also Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation

---

[7]      *See* N.Y. Exec. Law § 259-i(2)(d)(ii).  It appears from the allegations of the amended complaint that Plaintiff was conditionally released on parole for purposes of removal or deportation.  (Dkt. 5 at 10-11, 14-15).  "Because the CPDO is contingent on the INS accepting custody and deporting the prisoner, until then, the prisoner is still serving the state sentence."  *Duamutef v. Immigr. and Naturalization. Serv.*, 2003 WL 21087984, at *4 (E.D.N.Y. May 14, 2003) (citing *Cuomo v. Barr,* 812 F. Supp. 324, 328 (N.D.N.Y.1993), *aff'd on other grounds*, 386 F.3d 172 (2d Cir. 2004).

marks and citations omitted) (Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state.").

Third, any purported claims against Annucci fail because Plaintiff does not allege that Annucci was personally involved in any alleged constitutional violation that Plaintiff may be asserting.  To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command.  *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004).  Moreover, the theory of *respondeat superior* is not available in a § 1983 action.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  "[T]here is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

Finally, to the extent that Plaintiff asserts § 1983 or *Bivens* claims against the state or federal judges referred to in the amended complaint (Dkt. 5 at 10-12), any claims against them would be barred by the doctrine of absolute judicial immunity.  It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.  *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991).

> "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.* at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).  The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though "unfairness and injustice to a litigant may

result on occasion," *Mireles*, 502 U.S. at 9. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 547; *see also Datta v. DEA Agents*, 1:21-CV-2494 (LTS), 2021 WL 3292227, at * 5 (S.D.N.Y. Aug. 2, 2021) (applying doctrine of judicial immunity to *Bivens* action against United States District Judge, Magistrate Judge and "Any Appeal Court Judges").[8]

Accordingly, to the extent that Plaintiff asserts claims under 42 U.S.C. § 1983 or *Bivens*, all such claims are dismissed under 28 U.S.C. § 1915(e)(2)(B).

## C. Amended Complaint

The Court, fully cognizant of the directions from the Second Circuit not to dismiss *sua sponte* the pleadings of *pro se* litigants without first providing an opportunity to amend unless any amendment would be futile, *see, e.g.*, *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991) (holding that district courts should not dismiss *pro se* complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated"), finds that any amendment herein would be futile and therefore leave to amend is denied. *See Cuoco*, 222 F.3d at 112 (finding leave to replead would be futile when the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"); *see also Myers v. Sperazza*, 11-CV-292(JTC),2012 WL 6690303, at *1 (W.D.N.Y. Dec. 21, 2012) (dismissing *pro se* complaint

---

[8]     To the extent Plaintiff seeks injunctive relief against a state or federal judge, separate from damages, "such claims are precluded by the Federal Courts Improvement Act of 1996, which extends judicial immunity to most actions seeking prospective injunctive relief" *Rodriguez v. Trager*, No. 10-CV-0781 (ARR)(LB), 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010) (citing *Jones v. Newman,* No. 98 Civ. 7460(MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999); *Kampfer v. Scullin,* 989 F. Supp. 194, 201 (N.D.N.Y. 1997)).

without leave to amend because "there is no indication a valid claim can be stated and the court has determined that leave to amend the complaint would be futile").  The deficiencies with the pleading in this case are fundament and fatal, and cannot be corrected with more artful drafting.

**D. Motion for Default Judgment**

On March 23, 2022, Plaintiff filed a motion seeking a default judgment.  (Dkt. 11). However, because no Defendant has been served,[9] because the Plaintiff has not sought the Clerk's entry of default against any Defendant, and because Plaintiff's amended complaint is dismissed as frivolous, Plaintiff's motion for default judgment is denied.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a).  Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) as frivolous.  Plaintiff's motions for miscellaneous relief (Dkt. 10) and for default judgment (Dkt. 11) are denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion,

---

[9]     Plaintiff appended to the amended complaint a document entitled "AFFIDAVIT OF SERVICE" (Dkt. 5-1 at 27), which is dated May 18, 2018, and appears to be associated with an action initiated in Dutchess County Court.  The affidavit contains Plaintiff's affirmation that he personally served an unspecified document on Judge McLoughlin on June 15, 2018, nearly one month after the affidavit itself was signed. (*See id.*).  To the extent that Plaintiff submits this document as proof of service of the summons and complaint or amended complaint in this action, this document does not comply with the requirements of Federal Rules of Civil Procedure 4 and 5.  It contains logically impossible facts, and at a minimum, does not set forth what documents, if any, were served on any defendants.  Therefore, Plaintiff has not demonstrated that he has served any pleading on any defendant in this action.

to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's request to proceed *in forma pauperis* (Dkt. 4; Dkt. 6; Dkt. 9) is granted; and it is further

ORDERED, that Plaintiff's motion for miscellaneous relief (Dkt. 10) is denied; and it is further

ORDERED, that Plaintiff's motion for default judgment (Dkt. 11) is denied; and it is further

ORDERED, that the amended complaint (Dkt. 5) is dismissed with prejudice; and it is further

ORDERED, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Elizabeth A. Wolford
Chief Judge
United States District Judge

DATED: May 16, 2022
      Rochester, New York